CHARLES J. SCHUCK, Judge.
*180 On the 24th day of June 1931, in a suit styled the State of West Virginia v. Sara B. Ennis, et al, the commissioner of school lands reported to the circuit court of Brooke county that he had sold at public auction a tract of land belonging to the Aetna Development Company, the larger portion of which was located in Brooke county, and a contiguous part in Hancock county, for a sum of $8,970.60; the said tract having been delinquent for taxes for the years 1926-1928-1929; that after deducting the expenses of sale there was a net balance of $8,292.42, which amount was subsequently remitted to the then state auditor by the check of the said commissioner of school lands, dated July 21, 1931. The sale of the said lands was confirmed by an order subsequently entered by the circuit court of Brooke county, West Virginia, and a later and diligent search of all the records, both in the state auditor’s office, as well as the records of the office of the sheriff of Brooke county, covering the years that were involved, and up to the present time, failed to reveal any distribution of the fund in question to the various public bodies entitled thereto. The fact being that so far as the evidence reveals, the amount in question is still reposing in the office of the state auditor, no distribution of any '.kind ever having been made. The matter of the failure of distribution was discovered by the present assistant state auditor, and after communicating with the proper authorities in Brooke county, namely, the prosecuting attorney and sheriff thereof, and finding no distribution had been made, so far as any examination of the books of the. offices in Brooke county reveal, this claim is presented accordingly on the part of Brooke county, asking that the refund be made to it from the funds now claimed to be still in the hands of the state auditor. A photostatic copy of the check from Robert L. Ramsey, the then commissioner of school lands, and payable to Edgar C. Lawson, the then state auditor, in the amount of the claim, is .in evidence together with a photostatic copy of the endorsement on that check showing payment to the auditor through the then treasurer of the state of West Virginia. The testimony of both the assistant state auditor, Hugh N. Mills, and the testimony of Abraham Pinsky, assistant prosecuting attorney of Brooke county, shows, after a diligent search of all the records avail *181 able in the offices of the various officials concerned, that no distribution of the fund was ever made and no return or refund thereof made to Brooke county, as intended under the laws of the state. No order showing disbursement had ever been entered by the circuit court of Brooke county in the matter, and in order to fully protect the present state auditor, this court insisted on testimony that would show how and to whom the amount in question should be disbursed and distributed. Considering all the evidence we are of the opinion that Brooke county is entitled to the refund in question, and an award is made accordingly, by virtue of which distribution is to be made as follows, to-wit:
To the state auditor for the benefit of school fund representing publication fees..$ 4.00
To the state of West Virginia, on the basis of the 1926-28-29 levies__ 528.33
On the basis of the 1926-28-29 levies, to the county of Brooke .. 2,840.18
For the support of Brooke county schools_ 4,235.66
For retirement and interest on school bonds for Brooke county..... 684.25
$8,292.42
It is further recommended that the next legislature take appropriate and proper action to carry into effect the award hereby made.